APPEAL,CLOSED,IFP,PROSE–NP,TYPE–F

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:14–cv–00900–UNA
*Internal Use Only*

STEBBINS v. KEAHEA  
Assigned to: Unassigned  
Cause: 28:1331 Fed. Question

Date Filed: 05/28/2014  
Date Terminated: 05/28/2014  
Jury Demand: None  
Nature of Suit: 890 Other Statutory Actions  
Jurisdiction: Federal Question

**Plaintiff**

**DAVID STEBBINS**     represented by   **DAVID STEBBINS**  
123 West Ridge Street  
Apartment D  
Harrison, AZ 72601  
PRO SE

V.

**Defendant**

**HAZEL KEAHEA**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/28/2014 | 1 | | COMPLAINT against HAZEL KEAHEA filed by DAVID STEBBINS. (Attachments: # 1 Civil Cover Sheet) (md, ) (Entered: 06/11/2014) |
| 05/28/2014 | 2 | | MOTION for Leave to Proceed in forma pauperis by DAVID STEBBINS. (md, ) (Entered: 06/11/2014) |
| 05/28/2014 | 3 | | MOTION to Appoint Counsel by DAVID STEBBINS. (md, ) (Entered: 06/11/2014) |
| 05/28/2014 | 4 | 19 | MEMORANDUM AND OPINION Signed by Judge Beryl A. Howell on 5/6/2014. (md, ) (Entered: 06/11/2014) |
| 05/28/2014 | 5 | 18 | ORDER DISMISSING PRO SE CASE WITH PREJUDICE. ORDERED that the application of the plaintiff to proceed in forma pauperis [Dkt. # 2} is GRANTED. This is a final appealable Order. Signed by Judge Beryl A. Howell on 5/6/2014. (md, ) (Entered: 06/11/2014) |
| 06/20/2014 | 6 | 6 | MOTION to Amend Judgment 5 Order Dismissing Pro Se Case by DAVID STEBBINS. (md, ) (Entered: 07/01/2014) |
| 06/30/2014 | 7 | 4 | ORDERED that the Plaintiff's Motion to Amend Judgment is DENIED. SO ORDERED. Signed by Judge James E. Boasberg on 6/26/14. (md, ) (Entered: 07/01/2014) |

| 08/28/2014 | 8 | 3 | NOTICE OF APPEAL as to 7 Order on Motion to Amend/Correct by DAVID STEBBINS. Fee Status: No Fee Paid. Parties have been notified. (md, ) (Entered: 08/28/2014) |

**FILED**

**AUG 28 2014**

**Clerk, U.S. District and Bankruptcy Courts**

Page 1 of 1

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**DAVID STEBBINS**                                                        **PLAINTIFF**

VS.                           **CASE NO. 14-900**

**HAZEL KEAHEA**                                                **DEFENDANT**

### NOTICE OF APPEAL AND REQUEST FOR IFP APPLICATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following notice that he is appealing the frivolous order of Judge James E. Boasberg, entered in the above-styled case on July 1, 2014, making the patently frivolous assertion that Plaintiff does not have a constitutional right to court access.

Plaintiff asks that he be sent an Application for Leave to Proceed *In Forma Pauperis*.

So notified – and requested, this 22nd day of August, 2014.

/s/ David Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



RECEIVED
Mail Room

**AUG 28 2014**

Angela D. Caesar, Clerk of Co3
U.S. District Court, District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID STEBBINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-0900 (UNA) |
| ) | |
| HAZEL KEAHEA., ) | |
| ) | |
| Defendant. ) | |

**FILED**

**JUN 3 0 2014**

Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Amend Judgment, which is construed as one under Rule 59(e) of the Federal Rules of Civil Procedure. "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation and internal quotation marks omitted). None of these circumstances is evident.

The Court dismissed plaintiff's complaint because it failed to state a claim against the Clerk of Court of the United States Court of Federal Claims under either the Rehabilitation Act or the Americans with Disabilities Act. *See Stebbins v. Keahea*, No. 14-900, 2014 WL 2611154, at *1 (D.D.C. May 28, 2014). According to plaintiff, the Court "should have read a Bivens Action into the complaint, and should have then realized that, if the statements in Plaintiff's complaint are indeed true, he would be entitled to relief against the Defendant." Mot. to Amend J. ¶ 7. Not so. Although a claim against a federal official for alleged constitutional violations may be brought under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff's complaint fails to allege a constitutional violation at all.

1

The Court is mindful of its obligation to construe the plaintiff's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that allegations a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). "Liberal construction does not require a court to conjure allegations on a litigant's behalf," *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citation omitted), or to create a claim that a plaintiff failed to include in his pleading, *see Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985) ("Though [*pro se*] litigants cannot . . . be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them.").

Accordingly, it is hereby

ORDERED that the plaintiff's Motion to Amend Judgment is DENIED.

SO ORDERED.

DATE: 6-26-14

United States District Judge
J. Rosberg

**FILED**

**JUN 2 0 2014**

Clerk, U.S. District and
Bankruptcy Courts

Page 1 of 3

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

**DAVID STEBBINS**                                                  **PLAINTIFF**

**VS.**                      **CASE NO. 14-900** *UNA*

**HAZEL KEAHEA**                                               **DEFENDANT**

## MOTION TO AMEND JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion to amend judgment.

1. Plaintiff filed suit in this case against Hazel Keahea, Clerk of the United States Court of Federal Claims, for refusing to file a technically perfect notice of appeal, which caused Plaintiff to permanently loose that case.

2. Plaintiff previously filed suit against the entire USA for this action, but it was dismissed – and the dismissal affirmed on appeal – because the sovereign was immune from suit. See Case No. 12-2029 in this Court and Case No. 13-5016 in the District fo Columbia Court of appeals.

3. Plaintiff refiled the Complaint, in this case, after learning his lesson that his cause of action is exclusively against the federal *agent*, not the government in its entirety. See Doc. 1 in this Case.

4. On May 28, 2014, the Court dismissed, once again, Plaintiff's complaint, saying that the Complaint failed to state a claim under the ADA, Rehabilitation



Case 1:14-cv-00900-UNA Document 9 Filed 08/28/14 Page 7 of 20
USCA Case #14-5211 Document #1510177 Filed: 08/29/2014 Page 7 of 20

Page 2 of 3

Act, and the Federal Tort Claims Act.

**5.** Plaintiff is proceeding pro se, meaning that he is entitled to have his complaint viewed liberally and held to less stringent standards than those drafted by attorneys. See *Haines v. Kerner*, 404 US 519 (1972).

**6.** The Court should only dismiss an action for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See *Oberwetter v. Hilliard*, 639 F. 3d 545, 549 (DC Cir. 2011).

**7.** This condition is not met. The Court, invoking the precedent of *Haines v. Kerner*, should have read a Bivens Action into the complaint, and should have then realized that, if the statements in Plaintiff's complaint are indeed true, he would be entitled to relief against the Defendant, considering that ...

(a) Plaintiff has a clearly established[1] right,

(b) the Defendants' actions are the clear cause of the loss of this right, and

(c) the Defendants' actions are purely ministerial in nature.

**8.** Plaintiff therefore asks this Court to ...

(a) vacate Doc. 4, the Memorandum Opinion, as well as Doc. 5, the Order Dismissing this Action, and

(b) issue a new order, finding that Plaintiff, under the precedent of *Haines v.*

---

[1]

Case 1:14-cv-00900-UNA   Document 9   Filed 08/28/14   Page 8 of 20
USCA Case #14-5211   Document #1510177   Filed: 08/29/2014   Page 8 of 20

Page 3 of 3

*Kerner*, has stated a claim for relief under the precedent of *Bivens v. Six Unknown Named Federal Narcotics Agents*,

9.   In the event that this Motion is denied, Plaintiff reserves the right to file an appeal in this case, as his time limit to file an appeal is being tolled by the filing of this motion under Fed.R.App.P. 4(a)(4)(A)(iv).

10.  It is so requested on this, the 18th day of June, 2014.

*[signature: David Stebbins]*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

AO 240 (Rev. 06/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| David Stebbins ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| Scott Harris & Micheal Duggan ) | |
| *Defendant* ) | |

## APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS
(Short Form)

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at: _____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:
No employers in last four years.

My gross pay or wages are: $ _____0.00_____, and my take-home pay or wages are: $ _____0.00_____ per

*(specify pay period)* _____n/a_____.

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment  ❏ Yes  ☑ No
(b) Rent payments, interest, or dividends  ❏ Yes  ☑ No
(c) Pension, annuity, or life insurance payments  ❏ Yes  ☑ No
(d) Disability, or worker's compensation payments  ☑ Yes  ❏ No
(e) Gifts, or inheritances  ❏ Yes  ☑ No
(f) Any other sources  ☑ Yes  ❏ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

$679 per month in SSI funds.
$92 per month in food stamps


RECEIVED
Mail Room
JUN 20 2014
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

9

AO 240 (Rev. 06/09) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account: $ _____120.92_____ .

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:
No noteworthy assets

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:
$400 per month rent
$70 per month utilities

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:
no dependents

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:
over $40,000 in student loan debts

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: ____06/17/2014____

____*[signature]*____
Applicant's signature

____David Stebbins____
Printed name

10

Case 1:14-cv-00900-UNA Document 9 Filed 08/28/14 Page 11 of 20
USCA Case #14-5211 Document #1510177 Filed: 08/29/2014 Page 11 of 20

Page 1 of 7

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

**DAVID STEBBINS**                        **PLAINTIFF**

**VS.**                    **CASE NO. 14-_____**

**SCOTT HARRIS &**
**MICHEAL DUGGAN**                    **DEFENDANTS**

## COMPLAINT

1. Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Bivens Action against the above-named Defendants in their official capacities as clerks of the Supreme Court of the United States.

## JURISDICTION & VENUE

2. Because the events complained of in this complaint took place in the District of Columbia, venue is proper in this Court. See 28 USC § 1391.

3. Personal jurisdiction over these Defendants is proper in this Court for the same reason that venue is proper.

4. This Court has subject-matter jurisdiction pursuant to the precedent of *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 US 388 (1971).

## FACTS OF THE CASE

5. Plaintiff originally filed suit in the United States District Court for the Western District of Arkansas (a filing which will be referred to as the "AR District Court Complaint), accusing state court clerks of the State of Arkansas of not filing

Case 1:14-cv-00900-UNA   Document 9   Filed 08/28/14   Page 12 of 20
USCA Case #14-5211   Document #1510177   Filed: 08/29/2014   Page 12 of 20

Page 2 of 7

Plaintiff's Complaints in state court, or the Judge's order denying his application for leave to proceed *in forma pauperis*. This, according to the AR District Court Complaint, prevented Plaintiff from appealing this summary dismissal, since there was no case for Plaintiff to file a "Notice of Appeal" in. Thus, Plaintiff argued that the state court clerks should be liable under the precedent of *Antoine v. Byers & Anderson, Inc.*, 508 US 429 (1993) and the pursuasive precedent of *McCray v. State of Maryland*, 456 F. 2d 1 (1972).

6.  The AR District Court dismissed the action, saying that, although the Clerks are not entitled to absolute immunity under *Antoine v. Byers & Anderson, Inc.*, they were nevertheless entitled to qualified immunity under the precedent of *Maness v. District Court of Logan County*, 495 F. 3d 943 (8th Cir. 2007). See Doc. 11 of Case No. 13-3068 in the Western District of Arkansas.

7.  Plaintiff appealed the dismissal to the Eighth Circuit Court of Appeals, who affirmed the dismissal. See Case No. 13-3288 in the 8th Circuit Court of Appeals.

8.  On February 19, 2014, the Eighth Circuit entered an order denying Plaintiff's Petition for Rehearing.

9.  Because of the date spoken of in ¶ 8 of this Complaint, the 90-day time limit for Plaintiff to have filed a Petition for Writ of Certeroi was *supposed* to begin on February 20, 2014. See Supreme Court Rule #30(1), holding that the day which triggers the event is NOT included in computing time (which basically makes it the

12

Case 1:14-cv-00900-UNA   Document 9   Filed 08/28/14   Page 13 of 20
USCA Case #14-5211   Document #1510177   Filed: 08/29/2014   Page 13 of 20

Page 3 of 7

Supreme Court's equivalent to Fed.R.Civ.P. 6(a)(1)(A), requiring District Courts, when computing time limits, to exclude the date of the event which triggers the time limit).

10.     Therefore, the deadline for Plaintiff to file his Petition for Writ of Certeroi was May 21, 2014.

11.     In an unrelated case, Plaintiff was advised by another Supreme Court Clerk, who identified herself as "Alice" that Court did not have to *have* the Petition by the appropriate deadline (which was January 29, 2014 in that case, but was May 21, 2014 in this case), as long as the envelope that the Petition came in was post-marked on or before that date. Plaintiff fully advised this "Alice" character that he was recording that phone call for his records, so it will be perfectly admissible as evidence.

12.     Given the information Plaintiff was given in ¶ 11 of this Complaint, Plaintiff proceeded to file his Petition with the Supreme Court, and mailed it on May 21, 2014.

13.     On June 2, 2014, Plaintiff received his Petition back from the Supreme Court Clerk's Office, with a cover letter from Defendants Scott Harris and Micheal Duggan, stating that they were not going to file it.

14.     The reason given in this cover letter for their refusal to file was because, since the date of the denial of rehearing was February 19, 2014, the deadline to

Case 1:14-cv-00900-UNA   Document 9   Filed 08/28/14   Page 14 of 20
USCA Case #14-5211   Document #1510177   Filed: 08/29/2014   Page 14 of 20

Page 4 of 7

submit a Petition was May 20, 2014, meaning that the Petition was postmarked one day too late.

15.   In using this excuse, the two Defendants had to have completely ignored the provisions of Supreme Court Rule #30(1).

16.   On June 2, 2014, Plaintiff contacted the Supreme Court's Clerks Office (again, recording the phone call) to try and resolve this dispute without having to file suit (again) in the District of Columbia District Court.  The Clerks, however, refused to even *hear* Plaintiff's grievance on the matter, let alone take any action whatsoever to rectify the problem.

17.   It is now too late for Plaintiff to file the Petition, even if it was not too late before.

18.   Thus, the Defendants have deliberately and permanently cost Plaintiff his day in court (which, ironically enough, was supposed to be to rectify an error in the AR District Court Complaint that ... *cost Plaintiff his day in Court!*).

## APPLICABLE LAW AND STANDARDS

19.   For the reasons set forth below, Plaintiff is entitled to damages in the amount requested in ¶¶

### Sovereign Immunity

20.   We first address the issue of sovereign immunity, in all its forms.

21.   The Defendants are not entitled to absolute immunity.  See *Antoine v. Byers*

Case 1:14-cv-00900-UNA Document 9 Filed 08/28/14 Page 15 of 20
USCA Case #14-5211 Document #1510177 Filed: 08/29/2014 Page 15 of 20

Page 5 of 7

*& Anderson, Inc.*, 508 US 429 (1993).

22. Furthermore, the Defendants are only entitled to qualified immunity if the right Plaintiff is seeking to vindicate is not clearly established. See *Meredith v. Federal Mine Safety and Health Review*, 177 F. 3d 1042, 1049 (DC Cir. 1999).

23. Therefore, the Defendants are fully liable to the extent Plaintiff can allege facts which amount to a violation of a clearly established legal right.

24. To that end, we now turn to ...

### the merits of the case

25. Plaintiff has a clearly established right to court access, assuming that the petition has no technical deficiencies. "This [Supreme] Court's precedents confirm that the Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011) (citing a long chain of case law)

26. The defendants' refusal to file Plaintiff's petition has, without question, proximately caused Plaintiff's deprivation of this right.

27. The only way the Defendants could possibly avoid liability at this point was if their actions were consistent with the law. However, as ¶ 15 clearly establishes, it is clear that they are not following the law.

28. Therefore, Plaintiff has the right to recover damages for this action. See

Case 1:14-cv-00900-UNA Document 9 Filed 08/28/14 Page 16 of 20
USCA Case #14-5211 Document #1510177 Filed: 08/29/2014 Page 16 of 20

Page 6 of 7

*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 US 388 (1971)

## DAMAGES

29. Plaintiff was suing the State Clerks' Office for damages equal to $11,055,000,082,786.00. This was because that was the amount in controversy in the state court lawsuits which the State Clerks refused to file.

30. Because the Defendants in this case have forever barred Plaintiff from being compensated for the injuries the State Clerks were supposed to be liable for, the Defendants should take on liability for these damages.

31. Plaintiff also requests an award of punitive damages, as Plaintiff has evidence that the Defendants acted with a malicious attempt to deprive Plaintiff of court access (including, but not limited, the fact that they refused to even *hear* Plaintiff's grievance in an attempt to resolve this dispute without court action).

## JURY DEMAND

32. In the event that a trial is needed to resolve any disputes of fact, Plaintiff asks that this case be tried by a jury of his peers.

## CONCLUSION

33. To wrap up this Complaint, let us recap the points:

(a)     The Defendants refused to file a technically perfect Petition for Writ of Certeroi from Plaintiff, officially on the grounds that the Petition was filed one day late.

(b)     The Defendants reach this conclusion on the assumption that the 90 day

Case 1:14-cv-00900-UNA Document 9 Filed 08/28/14 Page 17 of 20
USCA Case #14-5211 Document #1510177 Filed: 08/29/2014 Page 17 of 20

Page 7 of 7

time limit to file the Petition began on February 19, 2014.

(c)     The Supreme Court rules clearly and unambiguously state that the 90 day time limit to file the petition begins on February 20, 2014. See Supreme Court Rule #30(1).

(d)     Therefore, the Defendants acted frivolously, and in total disregard to clearly established law.

(e)     The actions of the Defendants proximately caused Plaintiff the injury of "deprivation of court access," a right which is clearly established by overwhelming amounts of case law.

(f)     Therefore, the Defendants are liable to Plaintiff in the amount of $11,055,000,082,786.00 in compensatory damages, as well as an award of punitive damages.

Wherefore, premises considered, Plaintiff respectfully prays that the damages requested in ¶¶ 29 & 31 of this Complaint, as well as ¶ 33(f) of same, be awarded to Plaintiff, that Plaintiff be awarded all costs incurred, and that he be awarded whatever other relief the Court finds appropriate.

So requested on this, the 17th day of June, 2014.

*David Stebbins* (signature)

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

**FILED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAY 2 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| David Stebbins, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. *14-900* |
| | ) |
| Hazel Keahea, | ) |
| | ) |
| Defendant. | ) |

ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 6th day of May 2014,

ORDERED that plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED with prejudice for lack of subject matter jurisdiction. This is a final appealable Order.

/s/
United States District Judge

Case 1:14-cv-00900-UNA Document 9 Filed 08/28/14 Page 19 of 20
USCA Case #14-5211 Document #1510177 Filed: 08/29/2014 Page 19 of 20

FILED
MAY 28 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David Stebbins, )
)
        Plaintiff, )
)
  v. ) Civil Action No. *14-900*
)
Hazel Keahea, )
)
        Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint and the accompanying application to proceed *in forma pauperis*. For the following reasons, the Court will grant the *in forma pauperis* application and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff has identified the defendant as the Clerk of Court of the United States Court of Federal Claims. *See* Compl. ¶ 2. Although he purports to sue under the Rehabilitation Act and the Americans with Disabilities Act ("ADA"), *see id.* at 1, plaintiff does not claim to have a disability and he has not alleged that he was discriminated against because of a disability. Rather, plaintiff speculates that defendant has a "vendetta" against him for "his litigation history" and has retaliated against him particularly because "the majority of [his] lawsuits have been either for disability discrimination, or for retaliation." *Id.* ¶ 3. He claims that "this vendetta is outlawed by the retaliation laws found in the Rehabilitation and Americans with Disabilities Acts." *Id.* Plaintiff identifies his injury as "a deprivation of court access," *id.* ¶ 10, and he seeks

damages based on defendant's alleged refusal to docket his "two technically perfect notices of appeal . . . ." *Id.* ¶ 2.

The only contact plaintiff alleges he had with defendant is a signed letter he received, "saying that she would not docket anything." Compl. ¶ 2. This lawsuit can be read only as brought against the defendant in her official capacity, which is in effect against the United States. The United States may be sued only upon consent. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The FTCA does not apply to the instant complaint arising out of the decisions of the Clerk of a federal court. *See Stebbins v. United States*, --- Fed. Appx. ---, 2014 WL 590606 (D.C. Cir. Jan. 30, 2014 ) ("Appellant has not established any basis for [FTCA] liability against the United States arising out of his claim that clerks of the U.S. Court of Federal Claims failed to file his notices of appeal."). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: May 6th, 2014

Beryl A. Howell
United States District Judge

2

20