# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**DAVID A. STEBBINS**                                          **PLAINTIFF**

**VS.**                          **CASE NO. 14-5211**

**HAZEL KEAHEA**                                          **DEFENDANT**

## APPELLANT BRIEFING

Comes now, *pro se* Appellant David Stebbins, who hereby submits the

following Appellant Briefing in support of his appeal.

## TABLE OF CONTENTS

| Section | Page(s) |
|---|---|
| 1. TABLE OF CONTENTS | 1 |
| 2. TABLE OF AUTHORITIES | 3 |
| 3. JURISDICTIONAL STATEMENT | 5 |
| (a) Basis for District Court's Jurisdiction. | 5 |
| (b) Basis for Court of Appeals' Jurisdiction. | 5 |
| (c) Timeliness of appeal | 5 |
| (d) Finality of judgment | 6 |
| 4. STATEMENT OF ISSUES | 7 |
| 5. STATEMENT OF THE CASE | 8 |
| 6. SUMMARY OF ARGUMENT | 10 |

7.  ARGUMENT                                                              12

    (a) Reminder of this Court's boundaries.                   12

    (b) Applicable law and standards                           14

    (c) Court access is a fundamental right.                   16

    (d) This court has held that deliberate
    interference with court access amounts                     18
    to a constitutional violation.

    (e) Even without allegations of intent,
    the District Court still                                   20
    should not have *dismissed* the action.

    (f) The District Court's most likely
    motive for denying the Motion to                           22
    Amend Judgment is insufficient
    grounds in this Circuit.

    (g) Mere litigiousness is not enough                       26
    to deprive someone of court access.

    (h) Conclusion and Wrap-Up                                 27

8.  STANDARD OF REVIEW                                             28

9.  CONCLUSION                                                     29

# TABLE OF AUTHORITIES

| Statutes & Rules | Page(s) |
|---|---|
| 28 USC § 1291 | 5 |
| 28 USC § 1331 | 5 |
| 28 USC § 1915(e)(2)(B)(ii) | 18,29 |
| Fed.R.App.P. 4(a)(1)(B)(iii) | 5 |
| Fed.R.App.P. 4(a)(4)(A)(iv) | 5 |
| Fed.R.App.P. 26(a)(1)(A) | 5 |
| Fed.R.Civ.P. 12(b) | 18,18 |

| Case Law | Page(s) |
|---|---|
| Arar v. Ashcroft, 585 F. 3d 559 (2nd Cir. 2009) | 15 |
| Boddie v. Connecticut, 401 US 371, 374 (1971) | 17 |
| California Motor Transport Co. v. Trucking Unlimited, 404 U. S. 508, 510 (1972) | 16 |
| Crawford-El v. Britton, 951 F. 2d 1314 (DC Cir. 1991) | 19 |
| Crisafi v. Holland, 655 F. 2d 1305 (DC Cir. 1981) | 26 |
| Denton v. Hernandez, 504 US 25, 33 (1992) | 14 |

Johnson v. Avery,                                                    17
393 US 483, 498 (1969)

Kowal v. MCI Communications Corp.,                        14,18,28
16 F. 3d 1271, 1278 (DC Cir. 1994)

Lewis v. Casey,                                                    16
518 US 343, 405 (1996)

Parratt v. Taylor,                                                 14
451 US 527, 535 (1981)

# JURISDICTIONAL STATEMENT

For the reasons set forth below, this Court has jurisdiction over this appeal.

## Basis for District Court's Jurisdiction.

The District Court had jurisdiction over the underlying dispute, pursuant to 28 USC § 1331.

## Basis for Court of Appeals' Jurisdiction.

This Court has jurisdiction to hear this appeal. See 28 USC § 1291.

## Timeliness of appeal

The Order Denying the Motion to Amend Judgment was entered on July 1, 2014. See Doc. 7. Thus, it is that event which triggers the time limit for Appellant to file his Notice of Appeal. See Fed.R.App.P. 4(a)(4)(A)(iv).

The time limit to file the Appeal actually *began* on July 2, 2014. See Fed.R.App.P. 26(a)(1)(A).

Because this was a Bivens Action against a federal court clerk, Appellant has sixty (60) days to file his Notice of Appeal, instead of the typical thirty (30) days. See Fed.R.App.P. 4(a)(1)(B)(iii).

Thus, Plaintiff had until August 31, 2014 to file his Notice of Appeal. The Notice of Appeal was received by the Clerk's Office – and subsequently uploaded to PACER – on August 28, 2014.

Thus, the Appeal is timely.

**Finality of judgment**

This appeal is being brought of an order declining to modify what was in and of itself a final judgment.  Thus, the finality rule has been established.

**STATEMENT OF ISSUES**

1.  Does a litigant have a right to access an appellate court to resolve disputes

    he has with a trial court's decision?

2.  Is a clerk's failure to file technically perfect papers – thus proximately

    causing a litigant to be deprived of the right spoken of above – remedial

    under either a Section 1983, or Bivens, action?

## STATEMENT OF THE CASE

1.    Appellant filed two pro se lawsuits in the United States Court of Federal Claims, alleging that some federal judges acted in the clear absense of all jurisdiction and in a non-judicial capacity, costing Appellant the cases in which those actions took place. The first was Case No. 12-289, and the other was Case No. 12-296. Both cases were summarily dismissed pursuant to Fed.R.Civ.P. 12(b).

2.    Appellant filed two technically perfect notices of appeal, one for each case, and the CFC sent him back a stapled stack of blank sheets of paper, saying that they would not docket anything. They even sent it to the wrong address (possibly so that Appellant would hopefully not find out about the situation until it was too late).

3.    Appellant, once he was made aware of the situation, proceeded to file another suit against the United States, this time in the U.S. District Court for the District of Columbia, alleging a similar cause of action to that shown in the case of *McCray v. State of Maryland*, 456 F.2d 1 (1972).

4.    The District Court proceeded to dismiss the lawsuit with prejudice, holding that the United States was immune from suit.

5.    Appellant filed an appeal in that case, which was given Case No. 13-5016 in this Court.

6.    This Court, on the date of January 30, 2014, affirmed the dismissal of the

District Court, citing the precedent of *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), which clarified that only federal agents, not federal agencies, can be made defendants in Bivens Actions. See *id* at 485 ("In essence, Meyer asks us to imply a damages action [against the federal govern] based on a decision that presumed the *absence* of that very action").

7.     Having learned his lesson, Appellant proceeded to re-file his lawsuit, this time, being sure to list Hazel Keahea, in his official capacity as Clerk of the United States Court of Federal Claims, as the Defendant.

8.     Despite this, the District Court *still* dismissed the action on the grounds that the Complaint did not state a claim for a violation of the Federal Tort Claims Act.

9.     Plaintiff filed a Motion to Amend Judgment, arguing that the District Court should have, in light of Appellant's *pro se* status (and the precedent of *Haines v. Kerner*, 404 U.S. 519 (1972)), construed his Complaint to also include a claim for a Biven's Action.

10.     On July 1, 2014, the District Court entered an order denying the Motion to Amend Judgment, on the grounds that the Complaint "failed to state a constitutional claim," but giving no details beyond that.

11.     This timely appeal ensued.

## SUMMARY OF ARGUMENT

1.     The District Court is blatantly lying when it says that the Defendant's deliberate failure to file a technically perfect Notice of Appeal – cutting Appellant off from access to the Appellate Court – does not amount to a constitutional claim.

2.     The Supreme Court has repeatedly stated that court access is a fundamental right.

3.     Many federal appellate courts have held that a clerk whose actions or omissions (especially the failure to file technically perfect papers) proximately cause a litigant to be deprived of his right to court access should be liable to that litigant for a constitutional violation.

4.     The District Court is most likely dismissing this action primarily out of personal dislike for Appellant.  See, Appellant has filed a few lawsuits in his lifetime, and he has, admittedly, represented himself a couple of times. However, a lot of government officials (including in Appellant's own region) have taken great exception to Appellant's lawsuit-filing practices.

5.     However, none of Appellant's lawsuits were frivolous.

6.     In light of the statement given in ¶ 5 of this Summary, the precedent – as far as the District of Columbia Circuit is concerned – is clear:  Mere litigiousness alone does not support the issuance of an injunction prospectively restricting court access. Both the number and content of the filings bear on a determination of

frivolousness or harassment.

7.      Thus, the District Court has absolutely abused its power and denied

Appellant justice which he rightfully deserves.

# ARGUMENT

For the reasons set out below, the decision of the District Court to dismiss Plaintiff's action with prejudice should be reversed:

## Reminder of Court's jurisdiction and restrictions on same.

1.    Before beginning the main argument, Appellant would respectfully like to remind the Court about exactly what it can, and cannot, do in this case.

2.    This Court cannot raise any arguments that have not been raised in the District Court.

3.    This seems obvious, but there are a few specific things that the panel of judges must keep in mind:

(a)    Does this Court – upon viewing the public records – notice an affirmative defense that the Defendants could raise that would relieve them of liability, anyway?  The District Court did not bring that up, so it's moot.

(b)    Is there something on the face of Appellant's Complaint which causes the Complaint to already be defeated?  The District Court did not bring it up, so it's moot.

4.    The District Court's dismissal was based on one thing and one thing alone: That Appellant's Complaint failed to allege a constitutional violation.  If the District Court is wrong on this account, then the decision must be reversed, irrespective of what the Appellate Court can come up with.  Period.

5.     Appellant does not intent to insult the Court's authority or intelligence.

Appellant only brings this up because judges' ignorance of their duties &

responsibilities has brought harm to Appellant before.

6.     With this said, we can now move on to the actual argument concerning the

case.

### Applicable law and standards

7.    This Court reviews "*de novo* the dismissal of a complaint for failure to state

a claim … The complaint should not be dismissed unless Plaintiff can prove no set

of facts in support of [his] claim which would entitle [him] to relief. To that end,

the complaint is construed liberally in the plaintiff's favor, and we grant plaintiff

the benefit of all inferences that can be derived from the facts alleged."  See *Kowal*

*v. MCI Communications Corp.*, 16 F. 3d 1271, 1276 (DC Cir. 1994).

8.    "An *in forma pauperis* complaint may not be dismissed … simply because

the court finds the plaintiff's allegations unlikely. Some improbable allegations

might properly be disposed of on summary judgment, but to dismiss them as

frivolous without any factual development is to disregard the age-old insight that

many allegations might be 'strange, but true; for truth is always strange, stranger

than fiction.'"  See *Denton v. Hernandez*, 504 US 25, 33 (1992).

9.    Whether or not Plaintiff has plead sufficient facts rests upon the question …

what are the essential elements of a constitutional claim for court access?  That

question is answered by the precedent of Parratt v. Taylor, 451 US 527, 535 (1981),

which states, in pertinent part, the following:

> "[I]n any § 1983 action the initial inquiry must focus on whether the
> two essential elements to a § 1983 action are present: (1) whether the
> conduct complained of was committed by a person acting under color
> of state law; and (2) whether this conduct deprived a person of rights,
> privileges, or immunities secured by the Constitution or laws of the

United States."

10.    Although the District of Columbia has not commented on this issue, there is persuasive precedent to suggest that Bivens Actions and Section 1983 actions are interchangeable.  See Arar v. Ashcroft, 585 F. 3d 559 (2nd Cir. 2009).

11.    The constitutional right in question will be discussed in-depth in the next section.

## Court access is a fundamental right.

12.     The District Court held that Appellant failed to state a constitutional claim.

13.     To state a constitutional claim, a plaintiff must first identify a constitutional right, and second, explain how the reckless or malicious actions of the government-employed defendant caused directly caused the plaintiff to be deprived of that right.

14.     Appellant argues that the constitutional right in question is "court access." Specifically, the right to access the United States Court of Appeals for the Federal Circuit in order to sit in review of his two dismissals in the United States Court of Federal Claims.

15.     The only question at this point is … is this actually a constitutional right? The undeniable answer is … yes, yes it is.  The case law is simply overwhelming.

    (a)     "Indeed, our cases make it clear that the States must take certain affirmative steps to protect some of the essential aspects of liberty that might … The well-established right of access to the courts is one of these aspects of liberty that States must affirmatively protect."  See *Lewis v. Casey*, 518 US 343, 405 (1996).

    (b)     See also *California Motor Transport Co. v. Trucking Unlimited*, 404 U. S. 508, 510 (1972) ("The right of access to the courts is indeed but one aspect of the right of petition.")

(c)    "Reasonable access to the courts is ... a right secured by the Constitution and laws of the United States, being guaranteed as against state action by the due process clause of the fourteenth amendment." *Johnson v. Avery*, 393 US 483, 498 (1969)

(d)    "[I]t is this injection of the rule of law that allows society to reap the benefits of rejecting what political theorists call the 'state of nature.'"  See *Boddie v. Connecticut*, 401 US 371, 374 (1971).

16.    Thus, the first element of a constitutional claim has undeniably been satisfied.

17.    We now move onto whether or not Appellant's Complaint has alleged sufficient facts that, if true, would cause Appellant to be deprived of his right to court access by the direct hand of a government actor.

## This court has held that deliberate interference with court access amounts to a constitutional violation.

18.    Plaintiff accuses the Clerk of the United States Court of Federal Claims of A) receiving two technically perfect notices of appeal, B) mailing a stack of blank sheets of paper, and C) attaching a cover sheet to this blank stack saying that they refuse to file Plaintiff's Notices of Appeal.

19.    No doubt, the blank stack was inserted in place of the Notices of Appeal. The question is … why? Why would they want to do that?

20.    Well, the obvious answer is to create the illusion that Plaintiff had simply sent them a blank stack of paper.  This way, they could have something resembling a justification, since they expected to be sued for this deprivation of court access.

21.    If we are to accept that (which we must, as a summary dismissal of a complaint – whether pursuant to 28 USC § 1915(e)(2)(B)(ii), or pursuant to a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) – must be done only after construing the facts in a light most favorable to the plaintiff; see *Kowal v. MCI Communications Corp.*, 16 F. 3d 1271, 1278 (DC Cir. 1994)), then we must assume that the acts spoken of in ¶ 15 of this Argument were done out of a clear and malicious attempt to deprive Appellant of access to the United States Court of Appeals for the Federal Circuit.  There is no other reason why the Defendant would literally ***swap out the records*** to create the illusion that they were justified in doing so!

22.    Thus, Plaintiff has alleged sufficient facts to state a claim for deprivation of

access to the courts.  This Court has already issued precedent on this matter, in the

case of *Crawford-El v. Britton*, 951 F. 2d 1314 (DC Cir. 1991).  In that case, this Court

agreed that the Complaint failed to allege a constitutional violation, but on the

grounds that the plaintiff in that case had failed to allege facts sufficient to establish

intent or reckless disregard, which this Court held, at that time, to be an essential

element to a constitutional violation.

### Even without allegations of intent, the District Court still should not have *dismissed* the action.

23.     In *Crawford-El*, while this Court may have held that allegations showing deliberate intent or reckless disregard are necessary for a constitutional violation, they did not simply affirm the dismissal of the District Court.  Rather, this court *remanded* the case back to the District Court with instructions to give the plaintiff in that case an opportunity to amend his pleading to satisfy this requirement!

24.     What that means is, even if the District Court were simply not satisfied with the level of detail given in the Complaint, the District Court still abused its discretion in not affording Appellant an opportunity to correct any deficiencies in the Complaint.

25.     Rather, it appears as if the District Court's dismissal was not based on lack of sufficient detail in the Complaint, but rather, that the District Court simply did not believe that Appellant has a constitutional right to access a court.  That is not reviewed for abuse of discretion, but rather, *de novo*.  Moreover, such a legal claim is so blatantly wrong that there really is no need for "review" in the traditional sense of the word; the District Court simply just got it plain wrong!

26.     This, of course, begs the question:  Why would the District Court issue such a blatantly incorrect legal statement?  If he honestly believes that court access is NOT a fundamental right, he has no business being a judge or lawyer for a living, so why would he make such a claim?

### The District Court's most likely motive for denying the Motion to Amend Judgment is insufficient grounds in this Circuit.

27.    Plaintiff knows the reason why the District Court made the statement that Plaintiff does not have a right to court access:  Because Plaintiff has exercised that right in the past.

28.    Plaintiff wishes to draw this Court's attention to the exhibits that Plaintiff is uploading alongside this Brief (and don't worry; Appellant will get around to the District Court for the District of Columbia; it's just that … to show that any one person is part of a conspiracy, one must first establish the existence of a conspiracy in the first place).  These exhibits are:

   (a)    **Exhibit A**:  A Report & Recommendation from a magistrate judge in Appellant's home state.

   (b)    **Exhibit B**:  A District Judge's Order adopting said Report & Recommendation.  This order should give this Court some indication as to what type of arguments Plaintiff's Objection to the Report & Recommendation contained.

   (c)    **Exhibit C**:  An email from Plaintiff's father threatening to disown him if Plaintiff continued to file lawsuits that met his personal definition of "stupid."

   (d)    **Exhibit D**:  A letter from Plaintiff's father threatening to conspire with the court to deprive Plaintiff of court access.

(e)      **Exhibit E**:  An arrest report in connection with a recent criminal

proceeding where Plaintiff was the Defendant.

(f)      **Exhibit F**:  A transcript of a motions hearing in that same criminal

proceeding.  Notice, on Page 3, Lines 8-16 of this transcript, the clear badgering

that the prosecuting attorney subjects Appellant to.

(g)      **Exhibit G**:  A transcript of a different motions hearing in that same

proceeding.

    i.      Notice, on Page 3, Lines 1-5 of this transcript, that the prosecuting

attorney continues the badgering from the previous transcript.

    ii.      However, he takes the badgering a step further this time, where he

opines that Appellant's lawsuit-filing is a crime so heinous that Appellant's

own *mother* would be justified in disowning him for it!

    iii.      Allegedly attacking her husband with a knife?  Oh, that's nothing!

Stuff happens!  Filing *pro se* lawsuits, on the other hand?  That's a crime so

unspeakably heinous that a mother would disown her son over it!  Just like

how the bin Laden family in Saudi Arabia disowned their son, Osama, for

his involvement in the 9/11 attacks!  Because those two crimes are equally

heinous (though purportedly attacking her husband with a knife is NOT)!

(h)      **Exhibit H**:  An offer for a plea bargain that Plaintiff received during that

criminal proceeding.

i.      Notice, on Page 2 of this offer, there are a variety of conditions of

probation.  Pay special attention to Conditions #4 and #5.

(i)     **Exhibit I**:  A Motion for Reappointment of Counsel.

i.      Notice, in the top-right corner of the first page, it shows that the

motion was filed on November 28, 2012 at 2:24PM.

ii.     Also notice, on the first page, in the fourth paragraph, it states "Even

Wes Bradford himself is unwilling to negotiate these terms of the plea

bargain, which, in my opinion, lends credence to the belief that these terms

are more important to him than the actual domestic battery itself."

(j)     **Exhibit J**:  An email from Rabeka Kennedy, submitted to Appellant mere

hours after the motion in Exhibit I was filed.

i.      Notice that it says that "they" are willing to withdraw their demand of

the dismissal of lawsuits.

ii.     First of all, the word "they" as opposed to "he" confirms that this was

a conspiracy amongst multiple people (again, what good is proving the

District Judge to be part of a conspiracy, if there isn't even a conspiracy for

him to be a part of).

iii.    Second, the contents of this email prove

(k)     **Exhibit K**:  A Complaint that Plaintiff has filed in a federal district court

here in Arkansas, alleging that those criminal charges were fabricated out of

thin air for the sole purpose of persecuting Plaintiff for his lawsuits.

29.    As you can see, Plaintiff has recently been harassed greatly by government officials in his local area, even co-conspiring with Plaintiff's own family to have Plaintiff arrested for a crime just so they could obtain artificial leverage in order to try and coerce Plaintiff into dismissing his lawsuits.

30.    Now, why should this Court believe that the District Court is acting with the same motive?

31.    The answer is simple:  He has no other possible motive.  Think about it …

   (a)    Remember that ¶¶ 7-24 have eliminated the possibility that this is a good faith mistake.  No person who believes that court access is not a fundamental right has any business practicing law, whether as judge or counselor.  He either did this out of pure malice towards Appellant, or needs to hand the job over to someone who knows what he or she is doing.

   (b)    The District Judge has never met Appellant before, so there is no possibility that it is a purely personal vendetta.

   (c)    Appellant did not say anything in his Complaint that could possibly have upset the judge. Appellant did everything in his power to maintain his professionalism, despite his frustration with how slow this case has been to simply get in the door.

32.    Thus, by process of elimination, the only motive that possibly remains is one

that already existed before the case even got filed:  Appellant's litigation history.

33.     Appellant is not telepathic.  He has no evidence that, on X date, at #:30PM, the District Judge thought to himself some exact phrase that would constitute a confession of his motives if he said it out loud.  However, the District Court's actions are the type that only happen when one has a motive such as this.

**Mere litigiousness is not enough to deprive someone of court access.**

34.     If we are to assume that the District Court threw out Appellant's complaint, and denied the motion to amend judgment, on the grounds that it shares Appellant's local government officials' frustration with Appellant's litigation practices, then this is an insufficient reason to deny Appellant court access.

35.     This Court has already issued precedent on this issue, and did so a long time ago.  That precedent is the case of *Crisafi v. Holland*, 655 F. 2d 1305 (DC Cir. 1981), which states, in pertinent part, the following:

> "[A] complaint filed *in forma pauperis* is not subject to dismissal simply because the plaintiff is litigious. The number of complaints a poor person files does not alone justify peremptory dismissal. In each instance, the substance of the impoverished person's claim is the appropriate measure."  See *id* at 1309.

36.     So you see, the reason the District Court did not use this excuse as the official reason for throwing the case out is because … he knew that the real reason was legally insufficient, and he needed something else he could use as pretext.

## Conclusion

37.    Please remember the reminder that Appellant gave in ¶¶ 1-6 of this case.

38.    With that said, let us recap the points of this Argument:

    (a)    Appellant absolutely has a fundamental right to court access.

    (b)    The Defendant's actions, in this case, have undeniably deprived Appellant of his right to access the United States Court of Appeals for the Federal Circuit.

    (c)    The Defendant's actions are the type that necessary HAVE to be done deliberately and maliciously.  This is not the type of action one can commit by mistake.  Thus, qualified immunity has been abrogated.

    (d)    The District Court most likely dismissed this action because he is just as frustrated as Appellant's local government officials at Appellant's litigation practices.

    (e)    This, however, is insufficient grounds to deny a litigant court access, and the District Court most likely knew that.

39.    Thus, the District Court's decision must be reversed.

## STANDARD OF REVIEW

1. The entirety of the District Court's decision is reviewable *de novo*, since he

   was dismissing the case for "failure to state a claim" under 28 USC §

   1915(e)(2)(B)(ii).  Thus, the dismissal is reviewable *de novo*; see *Kowal v.*

   *MCI Communications Corp.*, 16 F. 3d 1271, 1276 (DC Cir. 1994).

**CONCLUSION**

Wherefore, premises considered, Appellant requests that the District Court's order dismissing his constitutional claim be vacated. So requested this 22nd day of October, 2014.

 /s/ David Stebbins 
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com