IN TH CIRCUIT COURT OF BOONE COUNTY, ARKANSAS
CIVIL DIVISION

STATE OF ARKANSAS                                          PROSECUTION

VS              CASE NO: CR2011-~~334~~ 324

DAVID STEBBINS                                             DEFENDANT

## MOTION FOR RE-APPOINTMENT OF COUNSEL

Comes now, Defendant David Stebbins, who hereby submits the following motion to be re-assigned counsel.

Defendant is aware that this is the fifth time that he is to be re-appointed counsel. However, I am only filing this because Rabekah Kennedy is only *prentending* to care about providing an adequate defense. It is clear that she is only representing me because she has to, and is going out of her way to give crummy representation due to her apathy of my case and her being annoyed by my presence. She will tell me what I want to hear in order to shoe me out of the office, and never actually *does* what she says she will do, even when she admits that the motion I ask has colorable merit. I know I keep filing these motions, but only because it keeps on happening. I ask that the Court vent its frustration on the attorneys who repeatedly prompt these motions to be filed, not on the Defendant who only wishes for all his constitutional rights to be protected.

Here are just two examples of the errors she has made which are so egregious that they go to the core of meaningful representation:

### Example #1

First, on October 13, 2012, I was offered a plea statement from the State that showed evidence that the Prosecutor had an improper motive for bringing this action against me. After showing case law and making my own legal arguments, I convinced her, on October 16, to move to dismiss the case due to an improper prosecutorial motive. Even Wes Bradford himself is unwilling to negotiate these terms of the plea bargain, which, in my opinion, lends credence to the belief that these terms are more important to him than the actual domestic battery itself, so lack of evidence should not be a problem

Ms. Kennedy admitted that the motion had, at the very least, *colorable* merit, and agreed to file the motion. However, here we are, a month and a half later, and despite me reminding her

of it every chance I get (and even giving her a rough draft of the motion to her to help her out), she has not even *begun* on that motion. However, she *has* saw fit to instead spend the time she puts into my case filing a motion *in limine*, despite the fact that this motion only matters in the first place if the case is not dismissed pursuant to the motion I really want. She has event old me, on the week right before Jon Shatwell's trial, that the motion would be filed by the Friday immediately before. However, this was probably just said to shut me up, because it was not filed by that date, and she has no excuse for not meeting her own, self-imposed deadline, other than "something came up and [she] wasn't able to." She has affirmatively *refused* to go into any more detail than that, about specifically *what* came up, which makes me wonder if she is even *capable* of going into further detail.

It is one thing to not file a motion when you feel it is not your clients' best interests. It is another think entirely to admit that it has potential merit, to acknowledge that we have nothing to loose for filing it because the worst that can happen is that the motion be denied, and we are subsequently worse off, to actually *agree to file the motion*, and yet not file it, for absolutely no reason.

### Example #2

The second time she has done something that goes to the core of meaningful assistance happened on November 28, 2012. We had previously agreed to conduct further communications by email. The key word, however, was "communication." Lawyers typically have to take communications classes in pre-law school, so she should know that communication is comprised of four elements: Message, sending, receiving, and feedback. The fourth element is the one that she does not wish contribute. When I send her an email, she never responds to comment on the potential merit of the suggestions I give. She did so once, but then stopped doing it. The only other time I received an email from her was responding to a suggestion I made, but not to comment on the suggestion, but to tell me about something completely different regarding my bail bond!

When I entered her office on November 28, 2012 to confront her about her lack of feedback, she dropped all her inhibitions and showed her true colors. She was no longer telling me what I wanted to hear in order to shut me up; she just shut me up. She just coldly ordered me out, cussing at me (her exact words were "I'm not required to respond to shit"), and even refused to make another in-person appointment because "You [I] said we were going to communicate by

email from now on!"

In short, she has come out of her shell, showed the demon within, and has out-and-out *refused* to communicate with me regarding the case. Communication is one of the most important functions that attorneys serve. Without it, her assistance is necessarily ineffective.

### Relief Requested

I seek the following relief:

1. That I be re-appointed counsel. I even think the Public Defender's office should even be forced to *outsource* their function to a private attorney if no one in the Public Defender's office (such as Jon Russo) is not willing to comply with the next piece of relief, which is...

2. The new attorney who represents me should be ordered to put for his absolute best effort into my defense and advising me of my rights, and to like it[1], under pain of sanctions if this order is not complied with throughout the entire proceeding (including appeals).

3. The currently pending motion for continuance should be granted so that my new attorney can have enough time to prepare the case.

### Conclusion

As stated before, I know this is getting annoying, but the Court's annoyance should be taken out on the attorneys who repeatedly cause these motions to be filed. I am not filing these motions willy nilly; I gave Ms. Kennedy every possible benefit of the doubt until she took off her mask and started unambiguously admitting to neglecting my case. I do not file these motions on a whim, and they should be considered accordingly.

Wherefore, premises considered, I respectfully request that I be given new, competent counsel, complete with adequate time to prepare the case.

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

### CERTIFICATE OF SERVICE

I have served both the Public Defender's Office and the Proecutor's Office with this document by faxing it to 1-870-743-5569 and 1-870-425-2596, respectively, on Nov. 28., 2012.

---

1  The phrase "you're going to do X, and you're going to like it" originated because people are likely to be more competent doing something they want to do than something they are forced to do. Thus, forcing them to "like" it, while impossible to fulfill literally, essentially is a sweeping demand to be as competent as they were if they were representing me on a retainer, of their own free will.