UNITED STATES COURT OF APPEALS FOR THE
DISTRICT OF COLUMBIA CIRCUIT

DAVID STEBBINS                                                                          APPELLANT

VS.                                               CASE NO. 14-5211

HAZEL KEAHEA                                                                            APPELLEE

### PETITION FOR PANEL REHEARING OR IN THE ALTERNATIVE FOR EN BANC REHEARING

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following Petition for the Panel (or, if that is denied, the circuit *en banc*) to rehear this appeal.

**1.** This Court based its decision on the precedent of *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993).

**2.** However, that precedent was overturned only three months later, by the Supreme Court of the United States. The case law in question is Antoine v. Byers & Anderson, Inc., 508 US 429 (1993), published on June 7, 1993, a mere 83 days after the precedent of *Sindram v. Suda* was published.

**3.** The precedent of *Antoine v. Byers & Anderson, Inc.* states that judicial officers who perform purely ministerial tasks are not absolutely immune from, as subjecting them to suit would not impair their ability to do their jobs. In this published opinion, the Supreme Court specifically rejected the notion that all

judicial officers should be afforded absolute immunity simply "because they are part of the judicial function." See *id* at 435.

4. Even judges are not immune from suit if their actions are not judicial in nature. See *Forrester v. White*, 484 US 219 (1988) ("We conclude that the judge's decisions were not judicial acts for which he should be held absolutely immune").

5. The Supreme Court precedent trumps the Circuit Court precedent, whenever the two conflict. Here, the Supreme Court has simply ruled the complete opposite of what this circuit has ruled. For this Court to invoke the precedent of *Sindram v. Suda* in this case, would be the equivalent of a school district using the precedent of *Plessy v. Ferguson* to justify its policy of racial segregation; that may have been the law at one point, but that precedent has been overturned. So has *Sindram v. Suda*.

Wherefore, premises considered, Appellant requests that this Court reconsider its dismissal, as it is plainly in violation of the law set by a higher authority.

*/s/ David A. Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com
